# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0648
Filed April 15, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Luis Angel Borjas Flores,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Johnson County,
The Honorable Elizabeth Dupuich, Judge.

———————————

**AFFIRMED**

———————————

John J. Bishop, Cedar Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

Luis Angel Borjas Flores appeals the discretionary sentence entered after he pled guilty to lascivious acts with a child, a class "C" felony in violation of Iowa Code section 709.8(1)(a) and (2)(a) (2024). He claims the district court abused its discretion when it sentenced him to prison rather than defer judgment.

The underlying facts are that Borjas Flores, then seventeen years old, performed sex acts on or fondled the pubes of a twelve-year-old girl. As part of a negotiated resolution, the parties agreed to open sentencing in exchange for the lascivious-acts plea and dismissal of one count of sexual abuse in the second degree.

At sentencing, the State presented a victim impact statement through the twelve-year-old child-victim's father and recommended incarceration. The father said he had implored Borjas Flores to stay away from his family and instead Borjas Flores "took away [the] childhood from a very young girl." And he explained that his daughter was depressed and traumatized. The presentence investigation report (PSI) also recommended prison.

Borjas Flores presented testimony from a juvenile court officer (JCO) who had worked with him following an earlier operating-while-intoxicated (OWI) adjudication and generally described Borjas Flores as immature but compliant with the terms of past supervision. The same JCO previously recommended against this case remaining in juvenile court due to Borjas Flores soon aging out of the juvenile system. In allocution, Borjas Flores described his conduct as "a mistake." And his attorney requested a deferred judgment, emphasizing his age and citing constitutional juvenile-sentencing factors while conceding they did not apply because there was no mandatory minimum term of incarceration.

The district court sentenced Borjas Flores to prison, giving a lengthy explanation of its reasons for doing so:

> I've considered all of the sentencing options available in this case in order to arrive at a sentence that would provide maximum opportunity for the defendant's rehabilitation and at the same time protect the community from further offenses by him and others.

> In this case I considered all of the relevant circumstances, including the Juvenile Sentencing Consideration. First, I have considered the defendant's chronological age and corresponding hallmark features. The defendant, as mentioned, is currently eighteen and was approximately seventeen at the time the crime was committed. At the time the crime was committed, the defendant was immature and, to a certain extent, failed to appreciate the risk and consequences of his actions. That's also corroborated by the testimony provided by [the JCO].

> Second, I considered his historical family and home environment. He was raised by his mother until approximately age seven and then by his mother and stepfather when she remarried. He reports a good childhood with half-siblings. He left Honduras for the United States in high school. As a teenager, [he] took some classes at a high school and then left to go work. His mother still appears to live in Honduras, his stepfather in Atlanta.

> I considered the circumstances of the offense and the degree of the defendant's involvement. In this case, the defendant took advantage of a twelve-year-old. I was sorry to hear as part of the Victim Impact Statement that the victim's father feels in any way responsible for failing her. In no way is this his fault; rather, it is entirely the fault of the defendant.

> I've considered the defendant's potential for rehabilitation. He did plead guilty and took accountability for his crime. His allocution, he noted that he is sorry.

> I considered his prior criminal record, which is, as [defense counsel] indicated, an OWI from 2024.

> I considered his potential for rehabilitation. In the [PSI], the defendant did score in the low category for future violence and a very low category for future victimization.

The report noted by [defense counsel] by [a psychologist hired for the juvenile proceedings] also reflects that the defendant is at a low risk for future offending.

In terms of his health, there doesn't appear to be any major health concern.

I've considered the need to protect the community through deterrents, not just from future crimes by this defendant, but also from the commission of similar crimes by others.

I understand that because the defendant was a juvenile at the time of the commission of the instant offense, I have the ability to suspend his sentence, defer judgment, with his permission or place him on probation.

I did not consider anything that he has not admitted to.

Having considered all these factors, I deny the request for a deferred judgment. In this case, the [PSI] recommends a ten-year prison sentence. It states, quote, the defendant was age seventeen at the time of this offense and the victim was age twelve. He took advantage of a young, female child for his own sexual gratification. Prison will provide accountability, and institutional staff will assess the defendant for treatment needs.

The State of Iowa also joins this recommendation. The Court similarly rejects a deferred judgment for the safety of the community. The Court believes the public has a right to be warned about this Defendant's behavior.

The Court also rejects the deferred judgment due to the serious nature of the offense, the harm to the victim, and the general lack of mitigating factors, apart from the Defendant's age.

For Count 2 of the Amended Trial Information, the Defendant is sentenced to be confined for an indeterminate term not to exceed 10 years. . . . Based on the factors articulated by the Court, the Court similarly finds that the prison sentence should not be suspended. . . .

We review for an abuse of discretion, as "the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720,

4

724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id*. at 725. To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable reasons. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

Applying that standard of review, we discern no abuse of discretion here. Borjas Flores seizes on the district court's comment there was a "general lack of mitigation factors, apart from the defendant's age." But we think the broader context of the court's comments, as demonstrated by their full reproduction above, reflect exacting consideration of numerous aggravating *and* mitigating factors. On our review, it is clear the court understood there were mitigating factors at play but concluded the aggravating factors demonstrably outweighed the mitigating factors and warranted a prison sentence. What weight to assign these factors is solely within the province of the sentencing court, and Borjas Flore has identified no basis on which we may grant him relief on appeal.

**AFFIRMED.**